STATE OF MAINE *vs.* EDOUARD SEGUIN.

Androscoggin.    Opinion December 15, 1903.

*False Pretenses. Indictment. Pleading,* "grant, bargain and sell" not proven by a mortgage. *Evidence,* variation. *Practice. R. S. (1883), c. 126, § 1, c. 134, § 26.*

1.  Under a statute which makes it an offense to "sell, convey, mortgage or pledge" to another, personal property, on which there is an existing mortgage, or to which the offender has no title, without giving notice thereof, an indictment charged that the respondent did "grant, bargain and sell" certain personal property: *Held;* that proof of a "mortgage" by the respondent is insufficient to sustain the allegation.

2.  Questions of law arising upon an indictment which charges a felony may be considered by the law court upon report under R. S. (1883), c. 134, § 26, when the parties agree and consent thereto.

On report.    Indictment for cheating by false pretenses.

Indictment nol prossed.

The case appears in the opinion.

*W. B. Skelton,* County Attorney, for State.

The statute makes no distinction in the use of the words; they are evidently used conjointly to cover every contingency; the statute making a technical discrimination in the use of the words impossible, the pleader should not be required to attempt it; the indictment alleges that the respondent did grant, bargain and sell the encumbered property to Penley without notice; those are the precise words

used in the instrument introduced in evidence; those words clearly import an act within the meaning and definition of the statute, and whether that act was accompanied by a condition subsequent is absolutely immaterial and need not be noticed in the indictment.

Counsel cited: *Flanders* v. *Barstow*, 18 Maine, 358; *Stewart* v. *Hanson*, 35 Maine, 506, 509; *Com.* v. *Fogerty*, 8 Gray, 489, 491, 69 Am. Dec. 264; *State* v. *Casey*, 45 Maine, 435; *Jones* v. *Smith*, 79 Maine, 446, 450.

*R. W. Crockett*, for defendant.

Strict construction of penal statutes is to be had. Variances:

*State* v. *Hussey*, 60 Maine, 410, 11 Am. Rep. 209; *State* v. *Gove*, 34 N. H. 511; *Com.* v. *Brown*, 15 Gray, 189.

When the language of a statute is clear and plain, the court has no authority to give a construction different from its natural and obvious meaning. *Clark* v. *Maine S. L. R. R. Co.*, 81 Maine, 477; *Lyon* v. *Lyon*, 88 Maine, 395, p. 404.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. This case comes up on report, under the provisions of R. S. (1883), c. 134, § 26. Although no objection to this method of procedure has been made by counsel, yet inasmuch as the legality or propriety of so proceeding, at least in cases of felony, has sometimes been questioned, we think it proper to say that we hold the case to be properly before us, under the statute.

The respondent was indicted for a violation of R. S. (1883), c. 126, § 1, which so far as it affects this case is as follows:—"Whoever knowingly, and with intent to defraud, sells, conveys, mortgages or pledges to another, personal property on which there is an existing mortgage, or to which he has no title, without notice to the purchaser, of such mortgage, or of such want of title, is guilty of cheating by false pretenses." The indictment charges, among other things, that the respondent "did . . . then and there grant, bargain and sell said building unto the said H. E. Penley." In support of this charge the state introduced evidence to show that the

respondent mortgaged the building, which was personal property, to H. E. Penley. The respondent claiming that there was a variance between the allegation and the proof, the case was reported to this court with the stipulation that if the indictment is sustainable, the case is to stand for trial; otherwise a nolle prosequi is to be entered.

The only question presented is whether under a statute which makes it an offense to "sell, convey, mortgage or pledge" personal property, under certain conditions, and when the indictment charges that the respondent did "grant, bargain and sell," proof of a mortgage is sufficient to sustain the allegation. We think it is not.

It is argued by the attorney for the State that a mortgage is a sale, a sale on condition; that it is a transfer of the legal title, and that while there may be a technical distinction between the words "sells" and "mortgages" when compared with each other alone, it is impossible to make any such distinction when these words are classed with the word "conveys" in the statute, a word whose significance embraces both sales and mortgages. But we think this reasoning is too refined to be applied to the admissibility of proof in a criminal case. We think the words in the statute should be taken in their ordinary signification. It is unnecessary to consider what proof would have supported an allegation that the respondent "conveyed," had the word "conveys" been used alone in the statute, both because there is no allegation in this indictment that the respondent "conveyed," and because the word "conveys" is not used alone in the statute. The statute uses four terms, "sells, conveys, mortgages or pledges," and it appears to use them distinctively. It is one offense to sell; it is another offense to mortgage. There is more than a technical distinction between a sale in its ordinary sense and a mortgage. One is absolute, the other is conditional. In common parlance, a sale is one thing, a mortgage is another. The statute marks this distinction by specifying the various ways of fraudulently transferring title, and by specifying them in the alternative. The proof must follow the allegation, which it does not in this case.

Moreover, it is a general rule of criminal pleading that the allegation must be specific and accurate so as to acquaint the accused with the precise nature of the charge against him, that he may be pre-

pared to meet it.   It would be going far to say that an allegation of a "sale" would prepare the respondent to meet a "mortgage."   The entry must be,

*Nolle prosequi.*